UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND EDWARDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KRISTA EDWARDS AND CHARISSE EDWARDS,<br><br>　　　　Defendants. | Case No. 2:22-cv-08814-SB-JC<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 7] |

　　　On December 5, 2022, pro se Plaintiff Edmund Edwards filed a notice of removal of his California Superior Court probate action to administer his father's estate.  Dkt. No. 1.  Defendants Krista and Charisse Edwards move to remand the action.  Dkt. No. 7.  Plaintiff's opposition to the motion was due no later than January 6, 2023.  Plaintiff filed no opposition.  "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  L.R. 7-12.

　　　The federal removal statute, which Plaintiff invokes, provides that unless otherwise prohibited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a)(1) (emphasis added).  A plaintiff has no right to remove his own suit to federal court.  See *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("Here the railroad is the plaintiff under 28 U.S.C. s 1441(a), 28 U.S.C. § 1441(a), and cannot remove."); *Szanto v. Lewin*, No. CV 12-00535 MMM, 2012 WL 4513745, at *1 (C.D. Cal. Sept. 30, 2012) (collecting cases for the proposition that a plaintiff cannot remove his own action).  Plaintiff has not shown that he is permitted to remove this case, and the case must be remanded.

1

In their remand motion, Defendants also request an order requiring Plaintiff to pay court costs and fees pursuant to Federal Rule of Civil Procedure 11. Defendants assert that the removal is "clearly unsustainable" and that Plaintiff "has absolutely no grounds" for seeking removal to this Court. Dkt. No. 7 ¶ 21. This request is procedurally improper because under Rule 11, "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Moreover, on this record, the Court declines to issue an order to show cause why sanctions should be imposed on Plaintiff. Defendants' request for the Court to impose sanctions is therefore denied.

Because Plaintiff has not shown any legal basis for removing his own action, Defendants' motion to remand is GRANTED, and the case is REMANDED to the Superior Court of Los Angeles County. All future dates set in this case, including the mandatory scheduling conference, are vacated.

Date: January 12, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge